PER CURIAM.
Paul Wilson [‘Wilson”] appeals the summary denial of his rule 3.850[1] motion for post-conviction relief. The motion asserted eleven claims of ineffective assistance of trial counsel and one due process violation. An amendment added five additional claims of ineffective assistance of trial-counsel.
The trial court ordered the State to respond, but no response was filed. The trial court then entered an order stating that: 1) Wilson’s counsel was prepared for trial, 2) no deficient conduct appeared from the record, and 3) the verdicts were supported by the overwhelming evidence presented and that any deficiencies of counsel are insufficient to warrant a new trial or modification of sentence. The trial court failed to attach any portions of the record to support the denial order, however. Wilson moved for rehearing, but the trial court denied the motion. On appeal, the State concedes, and we agree, that the trial court’s order must be sent back for the attachment of portions of the record to refute Wilson’s claims.[2] See Fla. R.Crim. P. 3.850(d).
REVERSED and REMANDED.
GRIFFIN, PALMER and ORFINGER, JJ., concur.

. Fla. R.Crim. P. 3.850.

. The exception is the due process claim (claim 12), which could have been raised on direct appeal.